IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUN RIVER ENERGY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MIRADOR CONSULTING INC. and | § | |
| SECURITIES TRANSFER | § | Civil Action No. |
| CORPORATION, | § | |
| | § | 3:11-CV-1132-K |
| Defendants–Counterclaimants, | § | |
| | § | |
| v. | § | |
| | § | |
| HARRY McMILLAN and CICERONE | § | |
| CORPORATE DEVELOPMENT, LLC, | § | |
| | § | |
| Third Party Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Sun River Energy, Inc.'s ("Sun River") Motion to

Remand (Doc. No. 18) and Defendant Mirador Consulting, Inc.'s ("Mirador") Motion

for Leave to File Sur-reply (Doc. No. 30).  First, Mirador's motion to file a sur-reply is

**GRANTED**.  The Court has reviewed Sun River's motion, the response, the reply, the

sur-reply, the notices of removal, the pleadings, and the applicable law.  Because

Defendant Securities Transfer Corporation ("STC") is a nominal or formal party and its

presence in this lawsuit does not destroy complete diversity of citizenship, Sun River's

motion to remand is **DENIED**.

## I.     Background

Sun River is in the business of locating and bringing to market natural gas. Though headquartered here in Dallas, Texas, Sun River is incorporated in Colorado. Mirador is a consulting firm, headquartered and incorporated in Florida.  Mirador was retained by Sun River in August 2010 to identify potential funding sources and, if possible, to arrange financing, based on Mirador's expertise and experience in the industry.  The terms of the consulting contract were that Sun River would: (1) pay Mirador a flat fee of $2,000/month for six months; (2) grant Mirador an option to purchase 100,000 shares of restricted common stock in Sun River at a very reduced share price; and (3) pay Mirador 2% of any funds raised as a finder's fee if any of Mirador's introductions ultimately resulted in financing.

STC is a Texas corporation headquartered in Addison, Texas, a suburb of Dallas. STC is in the business of serving as a transfer agent for securities.  Transfer agents keep track of who owns a corporation's stocks and bonds and how much each investor holds, and may act as a corporation's agent to issue dividends, company reports, and other administrative tasks.  STC was retained by Sun River as its transfer agent, which meant STC controlled the records of who held stock in Sun River, including the 100,000 shares of restricted common stock in which Mirador was granted an option pursuant to its consulting contract with Sun River.

The business relationship between Sun River and Mirador soured in April 2011.

Mirador sent a request to Sun River on April 14, 2011, asking Sun River to remove the restrictive covenant on the stock certificate, which would allow Mirador to sell the shares on the open market.  On April 19, 2011, dissatisfied with Mirador's performance under the consulting contract, Sun River refused and instructed STC not to remove the restrictive covenant.  That same day, STC replied that, unless Sun River obtained a court order prohibiting the transfer or posted an indemnity bond, STC would be forced to remove the restrictive covenant and transfer the shares to Mirador pursuant to Texas state law.

On May 18, 2011, Sun River filed suit in Texas state court against Mirador and STC.  In its original petition, Sun River does not identify which causes of action are asserted against which defendant.  In its amended petition, filed May 25, 2011, Sun River seeks declaratory and injunctive relief against STC to prevent the stock certificate's transfer and fraudulent inducement against Mirador for allegedly misrepresenting its qualifications and abilities to Sun River.  Mirador removed to this Court on May 27, 2011, asserting diversity jurisdiction.  Sun River filed this motion for remand on June 24, 2011.  In its motion, Sun River argues there is not complete diversity because both it and STC are citizens of Texas.  Mirador responds that STC is a formal or nominal party to this proceeding and therefore cannot defeat diversity jurisdiction or removal through its joinder.

## II.      Legal Standard

Removal raises significant federalism concerns, which is why removal statutes are strictly construed in favor of remand.  *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).  The burden of establishing federal jurisdiction is heavy, and it is borne by the removing party.  *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

## III.     Analysis

In its notice of removal, Mirador identified the diversity statute, 28 U.S.C. § 1332, as its basis for removal jurisdiction.  An action may be removed if a federal court would have original jurisdiction over the removed claims.  42 U.S.C. § 1441(a) (2009).  For actions on which prospective jurisdiction is founded upon diversity, all the requirements of 28 U.S.C. § 1332 must be met.  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2005).  Section 1332 requires that the amount-in-controversy exceed $75,000 and that the parties are completely diverse.  28 U.S.C. § 1332 (2009).

### A.      Citizenship of the parties

A case removed under § 1332 must have complete diversity of citizenship and no defendant may be a citizen of the forum state.  *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005).  A corporation is a citizen of both the state of its incorporation and the state of its principal place of business.  28 U.S.C. § 1332(c)(1) (2009).

The parties to this case at the time of removal were plaintiff Sun River and defendants Mirador and STC.  Sun River, Mirador, and STC are all corporations.  Sun

River is a citizen of both Colorado and Texas, because it is incorporated in Colorado and has its principal place of business in Dallas, Texas.  Mirador is a citizen of Florida because it is both incorporated in and has its principal place of business in Florida.  STC is a citizen of Texas because it is both incorporated in and has its principal place of business in Texas.

This means there is a citizen of Colorado and Texas on one side of the lawsuit and citizens of Florida and Texas on the other.  Both Sun River and STC are citizens of Texas.  "Complete diversity" means that a plaintiff may not share citizenship with any defendant.  *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).  Unless STC is not a proper party to the suit, as Mirador argues, this destroys subject-matter jurisdiction because the lawsuit lacks complete diversity and would defeat removal because STC is a resident of Texas, the forum state.

### B.     Is STC a nominal or formal party?

28 U.S.C. § 1441(b) states actions not arising under the Constitution, treaties, or laws of the United States may be removed if none of the "parties in interest properly joined" is a citizen of the forum state.  "Parties in interest" has been interpreted to exclude nomianl, formal, or unnecessary parties, meaning the joinder of such parties would not defeat federal diversity jurisdiction if it otherwise exists.  *Pesch v. First City Bank of Dallas*, 637 F. Supp. 1530, 1536 (N.D. Texas 1986) (Fitzwater, J.); *see also Salem Trust Co. v. Mfr.'s Fin. Co.*, 264 U.S. 182, 189 (1924) ("[j]urisdiction cannot be defeated

by joining formal or unnecessary parties.") *and Nunn v. Feltinton*, 294 F.2d 450, 453 (5th Cir. 1961) ("the joinder of formal or unnecessary parties cannot prevent the removal of an action to a federal court.").   In this context, the terms "nominal," "formal," and "unnecessary parties" are used interchangeably.  *See Salem Trust*, 264 U.S. at 189 *and Pesch*, 637 F. Supp. at 1537.  The test of whether or not a named defendant is a nominal party is if his role in the lawsuit is that of a depositary or stakeholder.  *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, Int'l Printing Pressmen and Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970).  This test is applied given the facts in each case, *id.*, as determined from the pleadings in state court at the time the notice of removal was filed, *Salem Trust*, 264 U.S. at 189.

## 1.    Comparison to *Pesch v. First City Bank of Dallas*

In *Pesch*, the individual Illinois plaintiff sued two Texas corporate defendants, Republic Health Corporation and First City Bank of Dallas, and a Swiss corporate defendant, Credit des Bergues, in Texas state court for declaratory and injunctive relief. *Pesch*, 637 F. Supp. at 1534–35.  The plaintiff and Credit des Bergues had previous business dealings, where the plaintiff had pledged stock in Republic Health Corporation as collateral for loans from Credit des Bergues.  *Id.* at 1533.  This financing arrangement also included an option to purchase the stock at a later date.  *Id*.  The relationship ended badly.  *Id.* at 1534.  Credit des Bergues attempted to exercise the stock option, and requested a transfer of stock from First City Bank of Dallas, a transfer agent in

possession of the stock certificates.  The plaintiff resisted and filed a lawsuit to enjoin the transfer and to obtain a declaration of his rights.  *Id*. at 1535.  Credit des Bergues removed the case to federal court, an action which would normally be barred by the removal statute because of the two Texas defendants.  *Id*. at 1536; 28 U.S.C. § 1441(b) (no forum state defendants may remove a case based on diversity).  Judge Fitzwater concluded the two Texas defendants were nominal parties in the litigation, bystanders to the true dispute between the plaintiff and Credit des Bergues:

> "[W]here, as here, a corporation and its transfer agent are joined as defendants (1) only to prevent their transferring and re-registering shares of the corporation's stock, to which adverse ownership claims have been made by others, and (2) to obtain a judgment directing them to surrender the shares and pertinent stock powers to the plaintiff, and for no other substantive purpose, such defendants are merely nominal or formal parties whose presence does not preclude removal."

*Id*. at 1537.

The situation in this case mirrors almost exactly the scenario presented in *Pesch*: a plaintiff is suing a former business partner and a securities transfer agent to keep the transfer agent from transferring a stock certificate.  At the time the notice of removal was filed, Sun River's amended petition in Texas state court revealed the following facts: (1) Sun River had engaged Mirador in a consulting contract to find financing; (2) part of Mirador's compensation would be the option to purchase 100,000 shares of Sun River; (3) Sun River accused Mirador of misrepresenting its abilities and its connections to potential financing during contract negotiations; (4) on April 14, 2011, Mirador

contacted Sun River and asked Sun River to lift the restrictive covenant on the stock certificate; (5) Sun River refused to do so, and instructed STC, which had physical possession of the certificate, not to transfer it; (6) STC told Sun River it would transfer the stock certificate unless a court order prohibited such a transfer; (7) Sun River is seeking declaratory and injunctive relief to prevent STC from transferring the stock certificate to Mirador; and (8) Sun River is accusing Mirador of fraudulent inducement, which would void the consulting contract and Mirador's claim to the stock certificate. Pl. Am. Pet. at 2–12, Doc. No. 11-1.  The holding in *Pesch*, that a transfer agent is a nominal or formal party whose presence does not preclude removal, applies with equal force to this case.

Sun River attempts to distinguish *Pesch* by arguing that Sun River and STC had a contract and that Sun River's declaratory judgment action seeks to clarify each party's rights and obligations.  Pl. Reply at 3.  First, Mirador points out that there is no mention of a contract between Sun River and STC in Sun River's amended petition in Texas state court.  Because the existence of a contract was not included in Sun River's petitions, it may not be considered when judging whether or not STC is a nominal party for the purposes of removal.  *See Salem Trust*, 264 U.S. at 189 (the facts concerning whether or not a party is formal or unnecessary are determined at the time the notice of removal was filed in state court).

Even if Sun River's contract argument was considered, it is not persuasive.  The

existence of a contract, or the absence of one, was not relevant to Judge Fitzwater's conclusion in *Pesch*. *Pesch*, 637 F. Supp. at 1536–37. What was important was the role First City Bank of Dallas was playing: a transfer agent with a duty to perform, pending the outcome of the plaintiff's dispute with Credit de Bergues. *Id*. at 1537. It is clear that here, just as the transfer agent in *Pesch*, STC is a mere depositary or stakeholder, a nominal and unnecessary party, one that is ancillary to the real dispute between Sun River and Mirador. *Tri-Cities Newspapers*, 427 F.2d at 327.

Sun River's also argues that the plaintiff in *Pesch* had no contract with the transfer agent. Pl. Reply at 3. This appears to be a restatement of Sun River's first argument, phrased instead in terms of *Pesch* and not this case. The Court still rejects this reasoning. Sun River further asserts that the plaintiff in *Pesch* sought to block the transfer of stock because Credit de Bergues did not actually own the stock options, which it claims is different from Sun River's position that STC has no duty to transfer the stock certificate to Mirador. *Id*. at 3–4. The Court sees no distinction, particularly when Sun River's amended petition is examined: "Based upon Mirador's fraudulent inducement, Sun River is entitled to rescission of the Agreement and return of the Sun River Shares." Pl. Amended Pet. at ¶ 32, Doc. No. 11-1. It seems Sun River's position is that STC has no duty to transfer the stock certificate to Mirador because Mirador does not actually own the stock certificate, which is exactly what the plaintiff in *Pesch* argued. *Compare id. with Pesch*, 637 F. Supp. at 1536. Sun River's attempts to avoid *Pesch* and its holding are

unpersuasive.

> **2.    Is STC a required party under the Texas Declaratory Judgment Act?**

Sun River next asserts that STC is necessary party under the Texas Declaratory Judgment Act, which requires the joinder of all parties that "have or claim any interest that would be affected by the declaration must be made parties." Tex. Civ. Prac. & Rem. Code Ann. § 37.006 (Vernon 2008). As a "necessary party" under the Texas Declaratory Judgment Act, Sun River argues STC cannot be a mere nominal or formal party in this litigation. Pl. Mot. 7–8. However, STC does not have an interest that will be affected by this lawsuit: either it must leave the stock certificate with Sun River or remove the restrictive covenant and transfer it to Mirador. The parties have described no situation, nor is the Court aware of one, where STC could be rewarded for its actions one way or another, other than to avoid penalties for failure to transfer the stock certificate to the correct party.

In *Wood v. Walker*, 279 S.W.3d 705, 713 (Tex. App.—Amarillo 2007, no pet.), the Amarillo Court of Appeals concluded a ranch owner was not a necessary party in the plaintiff's declaratory judgment action against the county concerning a public right-of-way easement across the ranch. If the ranch owner was not a necessary party where an easement may or may not be placed across his land depending on the outcome of a case, then surely STC is not a necessary party when the only consequence to it from this litigation is an order directing STC to deliver a stock certificate to one party or the other.

The Court rejects Sun River's contention that STC is a necessary party under the Texas Declaratory Judgment Act.

### 3. Defects in Mirador's notice of removal

Finally, Sun River argues there are technical deficiencies in Mirador's notice of removal, specifically that Mirador failed to sufficiently plead the parties' diversity. Pl. Reply at 5. Sun River has apparently withdrawn its argument that Mirador did not establish the amount in controversy exceeded $75,000. *Compare* Pl. Mot. at 8–9 *with* Pl. Reply at 5–7. In its motion and its reply, Sun River does not argue diversity of citizenship did not exist at the time the lawsuit was filed in state court, only that Mirador failed to allege so. Pl. Mot. at 4–5. All parties agree that, with the exception of STC, diversity of citizenship has existed throughout this case. *See* Def. Amended Notice of Removal at 2, Doc. No. 11; Pl. Amended Pet. at ¶ 3–5, Doc. No. 11-1.

In support of its position, Sun River cites this Court to *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir, 1993), where the panel acknowledged the requirement that a defendant allege diversity both at the time of filing in state court and at the time of removal. However, that opinion goes on to state, in a footnote at the end of the paragraph to which Sun River cites, that the best remedy for irregularities or defects in the notice of removal is to permit the defendant to amend the notice, not to remand the case. *Id*. at 221 n.4 (citing *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146–47 (5th Cir. 1979)). Sun River's point is well-taken; Mirador is therefore ordered

-11-

to file a second amended notice of removal, within three days of the date this order is signed, that properly alleges diversity of citizenship at both the time this lawsuit was filed and at the time of removal.

## IV.    Conclusion

Because STC is a nominal or formal party, its presence does not destroy complete diversity of citizenship among the parties nor does it prevent removal to federal court. Sun River's motion to remand is **DENIED**.  Mirador shall file a second amended notice of removal, consistent with the terms of this order, within three days of the date on which this order is signed.

**SO ORDERED**.

Signed August 19th, 2011.

*Ed Kinkeade*

ED KINKEADE
UNITED STATES DISTRICT JUDGE